**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 08-4873**

———————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

STANLEY LESSINGTON,

Defendant - Appellant.

———————

Appeal from the United States District Court for the District of South Carolina, at Charleston. Sol Blatt, Jr., Senior District Judge. (2:04-cr-01092-SB-1)

———————

Submitted: February 25, 2010          Decided:  March 18, 2010

———————

Before WILKINSON, NIEMEYER, and GREGORY, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

Ray Coit Yarborough, Jr., LAW OFFICE OF RAY COIT YARBOROUGH, JR., Florence, South Carolina, for Appellant.  Michael Rhett DeHart, Assistant United States Attorney, Charleston, South Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Stanley Lessington appeals from the 121-month sentence imposed following his jury conviction on two counts of conspiracy to make and pass counterfeit business checks, in violation of 18 U.S.C. § 371 (2006), one count of passing counterfeit checks, in violation of 18 U.S.C. §§ 513(a), 3147(1) (2006), and two counts of identity theft, in violation of 18 U.S.C. § 1028(a)(7), (b)(1)(D) (2006). Lessington's counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), asserting that there are no meritorious grounds for appeal, but questioning whether the district court erred in denying Lessington's motions to substitute counsel and for acquittal pursuant to Federal Rule of Criminal Procedure 29. Lessington filed a pro se supplemental brief, arguing the same issues and raising several additional claims. The Government has not filed a brief. Finding no error, we affirm.

We review the district court's denial of a motion to substitute counsel for abuse of discretion. United States v. Reevey, 364 F.3d 151, 156 (4th Cir. 2004). Upon review, we consider the following factors: "(1) the timeliness of [the] [m]otion[]; (2) the adequacy of the court's inquiry into his complaint about counsel; and (3) whether [the defendant] and his counsel experienced a total lack of communication preventing an adequate defense." Id. (internal quotation marks omitted). We

2

then "weigh these factors against the trial court's interest in the orderly administration of justice." Id. at 157.

Lessington's trial was set to begin on Monday, October 30, 2006; however, he did not request a new attorney until Thursday, October 26, 2006. The day of trial, the district court allowed Lessington to explain the reasons he was dissatisfied with counsel, addressing each point Lessington raised in depth. The district court also questioned counsel, who admitted that he and Lessington had a breakdown in communication because they did not see the evidence in the same light. However, counsel believed he could articulate a defense nonetheless. On these facts, we find that the district court did not abuse its discretion in denying Lessington's motion to substitute counsel.

We review the district court's denial of a Rule 29 motion for acquittal de novo. United States v. Perkins, 470 F.3d 150, 160 (4th Cir. 2006). A jury verdict must be upheld "if there is substantial evidence, viewed in the light most favorable to the Government, to support it." Id. We consider both circumstantial and direct evidence, drawing all reasonable inferences from such evidence in the government's favor. United States v. Harvey, 532 F.3d 326, 333 (4th Cir. 2008).

Count 1 charged that Lessington and an unindicted co-conspirator conspired, in violation of § 371, to possess and

3

pass counterfeit business checks with the intent to deceive another person and organization, in violation of § 513(a), based on a transaction at McElveen Chevrolet. A conviction under § 371 requires the government to prove: "(1) an agreement between two or more people to commit a crime," in this case a violation of § 513(a), and "(2) an overt act in furtherance of the conspiracy." United States v. Ellis, 121 F.3d 908, 922 (4th Cir. 1997). "The existence of a tacit or mutual understanding between conspirators is sufficient evidence of a conspiratorial agreement." Id. (internal quotation marks omitted). To establish a violation of § 513(a), the government must prove that the defendant: (1) uttered or possessed; (2) a counterfeit security; (3) of an organization that operates in or affects interstate commerce; (4) with the intent to deceive another person or organization. 18 U.S.C. § 513(a), (c)(4). A security is counterfeit if it "purports to be genuine but is not, because it has been falsely made or manufactured in its entirety." 18 U.S.C. § 513(c)(1).

At trial, a former McElveen salesman testified that Lessington came to McElveen to purchase a vehicle and that, at Lessington's direction, he drew up the sales contract in the name of Michael Anthony, knowing the name was fictitious. Lessington forged Michael Anthony's name on the contract and took possession of the vehicle, passing a business check for

4

$37,500 drawn on a construction company's account as payment. The contract further provided that an excess payment in the amount of $5500 would be refunded to Lessington. Testimony from co-conspirators confirms that Lessington passed the counterfeit check with the intent to deceive McElveen. The following day, the salesman passed the check at the bank and returned $5500 to Lessington, as promised in the fraudulent sales contract.

Count 2 charged Lessington and several named co-conspirators with violating §§ 371 and 513(a) based on a conspiracy that took place between 2003 and October 2005. Two co-conspirators testified that they witnessed Lessington print counterfeit payroll and personal checks. Additionally, several co-conspirators testified that Lessington recruited them to pass counterfeit payroll checks at several stores and to open bank accounts to deposit counterfeit checks in exchange for payment. Further, a former cashier at the St. Stephen IGA testified that Lessington recruited her to cash a number of counterfeit checks for himself and others at the IGA in exchange for payment.

Count 3 charged Lessington with knowingly passing a counterfeit security of Nationwide Insurance made payable to David Jones with intent to deceive the St. Stephen IGA, in violation of § 513(a), while on release, in violation of § 3147. At trial, the former IGA cashier testified that she cashed a counterfeit check from Lessington made out to David Jones at the

5

St. Stephen IGA on September 27, 2005. At the time Lessington passed the check, he was on pretrial release after entering a not guilty plea to the original indictment in this case.

Finally, Counts 4 and 5 charged Lessington with identity theft, in violation of § 1028(a)(7), (b)(1)(D), for knowingly possessing, transferring, and using others' Social Security numbers, dates of birth, names, driver's licenses, and identification cards with the intent to commit, and to aid and abet in the commission of, passing counterfeit business checks. To establish a violation of § 1028(a)(7), the government is required to prove that the defendant: (1) knowingly; (2) transferred, possessed, or used without lawful authority; (3) another person's means of identification; (4) with intent to commit, or to aid or abet, any unlawful activity. 18 U.S.C. § 1028(a)(7).

Here, in executing the search warrant, officers found numerous forms of identification in Lessington's bedroom, including a Social Security card and birth certificate belonging to Juan Francisco Arteaga. Law enforcement officials involved with the case confirmed that Juan Arteaga's Social Security card and birth certificate were used to obtain the fraudulent driver's license used by Lessington's cousin to pass counterfeit checks and that Lessington used a fraudulent driver's license in a relative's name to cash a counterfeit check at the IGA.

6

Lessington admitted to obtaining and possessing the second fraudulent driver's license, though he denied using it to pass counterfeit checks.

Based on the above, we conclude that there is substantial evidence supporting the jury verdict on each count. Therefore, the district court properly denied Lessington's Rule 29 motion for acquittal. We have also reviewed the issues raised in Lessington's pro se supplemental brief and find them to be without merit.

In accordance with <u>Anders</u>, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Lessington, in writing, of his right to petition the Supreme Court of the United States for further review. If Lessington requests that a petition be filed, but counsel believes that such a petition would be frivolous, counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Lessington. We dispense with oral argument because the facts and legal conclusions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>